a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL OSIRIS BOYD #20854-041, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03798 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| GRADY COUNTY JAIL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 1) filed by *pro se* Plaintiff Michael Osiris Boyd ("Boyd"). Boyd is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Boyd claims that he contracted COVID-19 due to Defendants' negligence.

Because Boyd fails to state a constitutional claim and his FTCA claim was not properly filed in this Court, the Complaint (ECF No. 1) should be DENIED AND DISMISSED.

I. **Background**

Boyd alleges that he was transferred from Grady County Jail in Chickasha, Oklahoma to FCI-Pollock on August 19, 2020. He tested positive for COVID-19 when he arrived at FCI-Pollock. ECF No. 1 at 3. Boyd was placed in a negative pressure room, located in the medical department, with another COVID-19 patient. *Id.*

1

Boyd alleges that for one day while in quarantine, "a storm hit Pollock" and he was "left without food or medical attention." *Id.* The next day, Boyd experienced shortness of breath, chest pain, cold sweats, joint pain, fatigue, migraines, and coughing. *Id.* Boyd was "rushed to the Emergency Room" ("ER") where he was provided additional hypertension medication and released. *Id.*

Boyd alleges that he contracted COVID-19 due to "inadequate screening measures, lack of staff wearing masks, and not being able to social [sic] distance" from others. ECF No. 1 at 5. He alleges that he was exposed to COIVD-19 either at the Grady County Jail, on an airplane with the United States Marshals Service, or from trust fund officers at FCI-Pollock.

Boyd concludes that the Government is responsible for $25,000 in monetary damages for his pain and suffering. Boyd also requests a transfer to a prison located closer to a hospital. ECF No. 1 at 4.

Boyd filed an administrative tort claim under the Federal Tort Claims Act, 28 U.S.C. § 2672, *et seq.* ECF No. 1 at 7. According to the claim denial, Boyd notified the Health Services Department that he had experienced flu-like symptoms prior to arriving in Pollock. *Id.* at 8. The tort claim also indicates that, two days after arriving at FCI-Pollock, Boyd was transported to the hospital because he complained of shortness of breath. The ER noted normal bloodwork, normal chest x-ray, and no respiratory distress. Boyd was released and returned to FCI-Pollock. *Id.* The Department of Justice determined that there was no evidence of negligence by any BOP employee. *Id.*

II. Law and Analysis

    A. Boyd's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Boyd's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis (ECF No. 6), Boyd's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B. Boyd fails to state a claim under 42 U.S.C. § 1983 or Bivens.

Boyd filed his Complaint on a form used for plaintiffs seeking relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that a constitutional deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). That is, the conduct

causing the deprivation must be fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*

First, the United States Marshal Service and the BOP are federal—not state—actors. Thus, they are not subject to suit under § 1983.

Additionally, prisons and jails are not "persons" that can be held liable under § 1983 for the alleged constitutional violations of those who work there. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Thus, the Grady County Jail has no separate legal identity and is not subject to suit. *See Witmer v. Grady Cty. Jail*, 10-cv-796, 2011 WL 4588910, at *2 (W.D. Okla. Apr. 7, 2011) (county jail in Oklahoma has no separate legal identity under Oklahoma law and cannot be sued in federal court), *report and recommendation adopted*, 2011 WL 4578453 (W.D. Okla. Sept. 30, 2011), *aff'd*, 483 F. App'x 458 (10th Cir. 2012); *Aston v. Cunningham*, No. 99–4156, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000) (affirming dismissal of county jail in § 1983 action because "a detention facility is not a person or legally created entity capable of being sued"); *Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009) (parish jail is "not an entity, but a building"); *Dale v. Bridges*, No. 3:96-CV-3088, 1997 WL 810033 at *1 n. 1 (N.D. Tex. 1997) (Dallas County Jail is not an entity capable of being sued).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983. However, *Bivens* does not provide a cause of action against a federal agency like the BOP or USMS. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Johnson v. City of Dallas*, 678 F. App'x 216, 217 (5th Cir. 2017); *Bhatia v. U.S. Dep't of Homeland Sec.*, 605 F. App'x 450, 451 (5th Cir. 2015); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995). Thus, to the extent Boyd intended to file under *Bivens* rather than § 1983, his claim still lacks viability.

C. <u>Boyd is not entitled to a transfer to another prison.</u>

Boyd asks that he be transferred to another prison that is in close proximity to a hospital. ECF No. 1 at 4. There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Moreover, injunctive relief is not available under the FTCA—only monetary damages. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78.

D. <u>Boyd fails to state a viable FTCA claim in this Court.</u>

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields

5

the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *See Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009).

Through the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671-80; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78.

Boyd cannot state an FTCA claim in this Court. Venue for an FTCA suit is only proper in the judicial district where the plaintiff resides or where the act or omission complained of occurred. 28 U.S.C. § 1402.

According to the Complaint, Boyd tested positive for COVID-19 upon his arrival at FCI-Pollock on August 19, 2020. Boyd's administrative tort claim states that he experienced flu-like symptoms prior to his arrival in Louisiana ECF No. 1 at 8. An exhibit to the Complaint indicates that Boyd began to feel ill at Grady County

6

Jail, prior to his arrival in Pollock. ECF No. 1 at 9.[1] It follows that Boyd's exposure occurred in Oklahoma and before testing positive on August 19, 2020. Thus, the alleged "act or omission" (COVID-19 exposure) did not occur at FCI-Pollock or within this judicial district.

Nor does Boyd "reside" in Louisiana. "One does not change his residence to the prison by virtue of being incarcerated there." *Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) (quoting *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972); *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962)). Rather, an incarcerated person resides in the district where he was legally domiciled before his incarceration. *Id.* According to filings in his criminal case, it appears that Boyd is a resident of Minnesota. *United States v. Boyd*, Case No. 16-CR-320 (D. Minn.).

Since Boyd is not a resident of Louisiana and the alleged "act or omission" occurred prior to his arrival here, venue is improper in this Court. When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1631 (providing that if a court lacks jurisdiction over a case, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed or noticed"). The statute of limitations on the FTCA claim has not expired, 28 U.S.C. § 2401, so Boyd has time to refile his FTCA Complaint.

---

[1] Furthermore, according to filings by Boyd in his criminal case, Boyd alleges that he was exposed to COVID-19 at the Grady County Jail, "a hot bed of COVID infection." No. 16-CR-320 (D. Minn.), ECF No. 152.

7

### III. Conclusion

Because Boyd fails to state a claim under § 1983 or *Bivens,* and because venue for the FTCA claim is improper in this judicial district, IT IS RECOMMENDED that Boyd's Complaint (ECF No. 1) be DENIED and DISMISSED, with prejudice to the constitutional claims, but without prejudice as to the FTCA claim.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, January 20, 2022.

                                                JOSEPH H.L. PEREZ-MONTES
                                                UNITED STATES MAGISTRATE JUDGE